UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

-----------------------------------------------------------------------X

JON LeBLANC,

        Plaintiff,

           v.

KEOLIS COMMUTER SERVICES, LLC,

        Defendant.

-----------------------------------------------------------------------X

26 Civ.

JURY TRIAL REQUESTED

## **COMPLAINT**

Plaintiff, by his attorneys, Flynn & Wietzke, PC, complains of the Defendant and alleges:

### **THE PARTIES**

1.      The plaintiff is a resident of the State of Massachusetts, County of Worcester, and City of Worcester.

2.      The defendant is a railroad carrier corporation providing railroad transportation, in interstate commerce by rail and operates a railroad system and railroad yards within the jurisdiction of this Court and in various other States, with a usual place of business in Massachusetts.

3.      Prior to March 30, 2023, and at all times hereinafter mentioned, the defendant employed the plaintiff as a Conductor under its direction, supervision and control and in furtherance of defendant's business in interstate commerce.

4.      Prior to March 30, 2023 and at all times hereinafter mentioned, the defendant maintained, operated and controlled interlocking CP3 just west of Lansdowne Station, Boston, Massachusetts (hereinafter "accident location") which contained defendant's tracks, rails, switches, sidings, roadbeds and appurtenances thereto, over, through and upon which the defendant operated engines, trains and cars under its control and direction.

5.      During all times herein mentioned, the defendant was and is engaged in interstate commerce by providing railroad transportation among multiple states.

**JURISDICTION AND VENUE**

6.    The plaintiff brings the First Cause of Action against the defendant for violation of the Federal Employers' liability Act, 45 U.S.C. §51 et seq. (FELA).

7.    This Court has subject matter jurisdiction in this case pursuant to 45 U.S.C. §56.

8.    Venue is proper in this District because a substantial part of the events or omissions giving rise to the claim occurred in this District, because defendant resides in this District and/or because defendant does business in this District.

**FACTS**

9.    At the time of the defendant's FELA violations, the plaintiff was employed by the defendant and qualified as an employee within the meaning of 45 U.S.C. § 51.

10.    On March 30, 2023, plaintiff was working as a Conductor for defendant aboard Train No. 515.

11.    On March 30, 2023, plaintiff was working as a Conductor and walking between the 4th and 5th cars of Train No. 515 when the train travelled through a known area of "rough track" in the accident location, and as a result, plaintiff was thrown from side to side injuring his right knee.

12.    Upon information and belief, prior to March 30, 2023, the defendant had received several complaints concerning the rough track in the accident location.

13.    Upon information and belief, prior to March 30, 2023, there were train derailments which damaged the tracks, rails, switches, railroad ties and ballast in the accident location, in addition to lack of maintenance in the accident location,  thereby causing a "rough track" condition.

14.    Upon information and belief, prior to March 30, 2023, defendant made band-aid repairs to the damaged the tracks, rails, switches, railroad ties and ballast in the accident location thereby resulting in the "rough track" condition.

15. Defendant's conduct, more specifically set forth below, caused, in whole or in part, the plaintiff to suffer various physical, psychological and economic harms.

16. Plaintiff's injuries include, but are not limited to, right meniscus tear requiring surgery.

### COUNT I
### Violation of FELA

17. The plaintiff adopts by reference and realleges each and every allegation set forth in the foregoing paragraphs of this Complaint with the same force and effect as if set forth under this cause of action.

18. This Cause of Action is brought under the Federal Employers' Liability Act, (45 U.S.C. Sec. 51 et seq.).

19. On or about March 30, 2023, while the plaintiff, an employee of the defendant, was in the performance of his duties as a Conductor near interlocking CP3 just west of Lansdowne Station, Boston, Massachusetts, the defendant, its agents, servants and employees, so negligently and carelessly conducted themselves toward the plaintiff:

   a. in failing to provide plaintiff with a reasonably safe place to work;

   b. in failing to remedy a known "rough track" area in the vicinity of CP3 just west of Lansdowne Station, Boston, Massachusetts;

   c. in failing to maintain its tracks, rails, switches, railroad ties and/or ballast in the vicinity of CP3 just west of Lansdowne Station, Boston, Massachusetts;

   d. in failing to inspect its tracks, rails, switches, railroad ties and/or ballast in the vicinity of CP3 just west of Lansdowne Station, Boston, Massachusetts;

   e. in failing to comply with Track Safety Standards as mandated under 49 C.F.R. Part 213;

   f. in failing to warn of a known "rough track" area in the vicinity of CP3 just west of Lansdowne Station, Boston, Massachusetts;

g. in failing to restrict the speed of its trains as they travelled through a known "rough track" area in the vicinity of CP3 just west of Lansdowne Station, Boston, Massachusetts;

h. in failing to implement procedures designed to minimize unreasonable risk of injury;

i. in failing to provide reasonable protection at plaintiff's work area;

j. in failing to respond to prior complaints;

k. in failing to maintain plaintiff's work place; and, so negligently failed and neglected to enact and enforce safety rules, regulations, procedures, and practices for activities carried out by its personnel at the said place, that all of the foregoing brought about severe and disabling injuries to plaintiff, as set forth above.

20. The relevant injuries occurred while the plaintiff was acting in the furtherance of interstate commerce or in work closely or substantially affecting the same.

21. The plaintiff was damaged thereby in a sum in excess of $100,000.00.

WHEREFORE, plaintiff demands judgment against the defendant on Count I in a sum in excess of ONE HUNDRED THOUSAND ($100,000.00) DOLLARS; together with the costs and disbursements of this action.

Respectfully submitted

By: SEAN CONSTABLE

FLYNN & WIETZKE, PC
1205 Franklin Avenue
Garden City, NY 11530
Tel.: (516) 877-1234
E-mail: SConstable@felaattorney.com